UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-00344 DMG (MANx)** | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 1 of 21 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

Proceedings: **ORDER RE DEFENDANTS' MOTIONS TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO STRIKE [26, 30, 37]**

**I.**
**PROCEDURAL HISTORY**

On February 25, 2015, Plaintiff Sarah DeLuca filed the operative First Amended Complaint ("FAC") against Defendants County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("LASD"), Michael Fairbanks, Gerado Valdivia, Byron Holloway, Francois Chang, Blanca Rodriguez, and Dianna Asatryan, alleging the following causes of action: (1) battery (against all Defendants); (2) negligence (against all Defendants); (3) assault (against all Defendants); (4) violations of Cal. Civ. Code section 52.1 (against all Defendants); (5) false imprisonment (against all Defendants); (6) unlawful arrest (against all Defendants); (7) violation of the Fourth Amendment right to be free from excessive force and detention and arrest not based on reasonable suspicion and probable cause pursuant to 42 U.S.C. section 1983 (against all individual Defendants); (8) deprivation of substantive and procedural due process under the Fourth Amendment pursuant to 42 U.S.C. section 1983 (against all individual Defendants); and (9) violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. section 1983 (against the County and LASD). [Doc. # 16.]

On March 20, 2015, Defendants County, Fairbanks, Valdivia, and Holloway filed motions to dismiss, for more definite statement, and to strike DeLuca's FAC ("County MTD"). [Doc. # 26.] On March 27, 2015, DeLuca filed her opposition. [Doc. # 28.] On April 3, 2015, Defendants filed their reply. [Doc. # 29.]

On April 30, 2015, Defendants Chang, Rodriguez, and Asatryan filed a motion to dismiss ("Chang MTD") identical to the County MTD with respect to the assertions against the individual defendants. [Doc. # 37.] On May 15, 2015, DeLuca filed her opposition to that motion. [Doc. # 41.] On May 22, 2015, Defendants filed their reply. [Doc # 44.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 2 of 21 |

On April 14, 2015, Defendant LASD filed a motion to dismiss ("LASD MTD"). [Doc. #30.] On April 23, 2015, DeLuca filed her opposition. [Doc. # 36.] On May 1, 2015, LASD filed its reply. [Doc. # 38.]

## II.
## FACTUAL BACKGROUND

DeLuca lived in an apartment in West Hollywood, California with Alex McDonald and Liam Mulligan. (FAC ¶¶ 12-13.) On April 7, 2014 at approximately 8:00 p.m., McDonald entered neighboring apartment 204 and threatened Jill Shakoor and Kara Smatt, the two residents, with a knife obtained from their kitchen. (*Id.* ¶¶ 11-12.) Shakoor and Smatt called the Los Angeles County Sheriff's Department to report this incident and provided a description of McDonald. (*Id.* ¶ 12.) After the Sheriff's Deputies arrived, another neighbor, Catherine Novis, showed some member of the Sheriff's Department a photograph of McDonald and Mulligan on her cell phone and confirmed that McDonald was the suspect that Shakoor and Smatt called to report. (*Id.*)

McDonald returned to his apartment with the knife obtained from apartment 204. (*Id.* ¶¶ 13, 18.) He then confronted his housemate Mulligan and his two friends Chris Moretti and Johnathon Winkler. (*Id.* ¶ 13.) DeLuca opened her bedroom door because of the commotion, where she saw McDonald wielding a knife. (*Id.*) McDonald repeatedly told DeLuca to return to her room, so she closed the door and locked herself inside her bedroom. (*Id.* ¶ 14.) DeLuca then attempted to contact the police both directly and through friends and family. (*Id.* ¶¶ 15-16.) She also spoke to a friend who was outside of the apartment with a sheriff, relaying information about McDonald threatening the three men with a knife. (*Id.* ¶ 17.)

McDonald then attacked Moretti with the knife. (*Id.* ¶ 18.) Mulligan and Winkler attempted to aid Moretti and wrestled McDonald to the ground. (*Id.*) During the struggle, McDonald stabbed Mulligan in the neck. (*Id.*) The wounded Mulligan then went to the front door of the apartment to allow the sheriffs access to the apartment. (*Id.* ¶ 19.) After Mulligan opened the door, the Sheriff's Deputies began firing their weapons. (*Id.* ¶ 20.) The unarmed Mulligan was not wearing clothes similar to those worn by McDonald, did not have the same appearance or build, and was bleeding profusely. (*Id.* ¶ 21.) The Sheriff's Deputies wounded Mulligan and fatally injured the unarmed Winkler. (*Id.* ¶¶ 21-22.)

During the shooting, multiple bullets entered into DeLuca's apartment near her bedroom, where she was hiding from McDonald. (*Id.* ¶ 23.) DeLuca heard the struggle between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 3 of 21 |
|---|---|---|---|

McDonald and the three other men followed by the gunshots fired by the Sheriff's Deputies.  (*Id.* ¶¶ 24-25.)

The Sheriff's Deputies, after firing into the apartment, searched the house and found DeLuca's locked bedroom door, which they broke down.  (*Id.* ¶ 26.)  The Sheriff's Deputies then handcuffed DeLuca, took her out of her apartment, and questioned her in the apartment building's hallway.  (*Id.* ¶¶ 27-28.)  Sheriff's Deputies took DeLuca past Winkler's lifeless body and left her in the hallway in full view of this scene for up to 30 minutes.  (*Id.* ¶ 27.)

## III.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of a claim for failure to state a claim upon which relief can be granted.  A court may grant such a dismissal only where the pleading party fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a pleading, as discussed above, courts generally must accept all factual allegations as true.  Legal conclusions, in contrast, are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014); *see also Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) ("Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation") (internal citation and quotation marks omitted).

## IV.
## DISCUSSION

### A.   <u>Official Capacity Claims Pursuant to 42 U.S.C. Section 1983</u>

Defendants first assert that the seventh and eighth causes of action for violations of DeLuca's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. section 1983 should be dismissed to the extent that these claims are asserted against defendants Fairbanks, Valdivia, Holloway, Chang, Rodriguez, and Asatryan in their official capacities.  When asserting section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 4 of 21 |
|---|---|---|---|

1983 claims, a plaintiff is not required to state the capacity in which she is suing a particular defendant. *See, e.g.*, *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990). Instead, courts look to the "basis of the claims asserted and nature of relief sought." *Central Reserve Life Ins. Co. v. Struve,* 852 F.2d 1158, 1161 (9th Cir.1988). The FAC clearly asserts the seventh and eighth causes of action against individual Defendants only in their individual capacities. (FAC. ¶¶ 73, 76.) Thus, Defendants' argument is off the mark.

**B.   Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983**

Defendants move to dismiss[1] DeLuca's Fourteenth Amendment substantive and procedural due process claims asserted in the eighth and ninth causes of action, contending that the alleged constitutional violations are subsumed within the claims brought under the Fourth Amendment.

The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (emphasis in original). When a plaintiff bases a claim on pretrial deprivations of liberty, Fourth Amendment principles govern, rather than those of general due process. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). If the law enforcement officers' alleged misconduct occurred during a continuing seizure of a criminal suspect, the Fourth Amendment governs even if the plaintiff's claim is a possible fit under the Fourteenth Amendment. *Fontana v. Haskin*, 262 F.3d 871, 881-82 (9th Cir. 2001). DeLuca's citation to *Evans v. Avery*, 100 F.3d 1033, 1036 (1st Cir. 1996), is inapposite.

Thus, to the extent that DeLuca bases her Fourteenth Amendment claim on Defendants' alleged unlawful arrest and use of excessive force, it is duplicative of her Fourth Amendment claim. DeLuca's FAC contains no factual allegations that support a distinct Fourteenth Amendment claim. At best, the FAC asserts in a conclusory fashion that Defendants' acts and omissions "shock the conscience" (FAC ¶¶ 74, 77) in an attempt to invoke the substantive due process standard established by the Supreme Court. *See, e.g.*, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). Defendants' motion to dismiss

---

[1] Defendants may also be moving to strike these portions of DeLuca's FAC, though it is unclear from the language of the motion. The Court will construe this portion of Defendants' motion as part of the motion to dismiss and analyze it under the corresponding standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 5 of 21 |
|---|---|---|---|

DeLuca's distinct Fourteenth Amendment claims contained in the eighth and ninth causes of action is **GRANTED** as a matter of law.

**C.     42 U.S.C. § 1983 Individual Claims**

        Defendants contend that the seventh cause of action for violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. section 1983 should be dismissed against individual defendants Fairbanks, Valdivia, Holloway, Chang, Rodriguez, and Asatryan because (1) DeLuca fails to allege individual Defendants' personal involvement; (2) DeLuca cannot establish an underlying violation of her Fourth Amendment rights; and (3) individual Defendants are entitled to qualified immunity.  (MTD at 4-13.)

        **1.     Personal Involvement**

        As an initial matter, individual Defendants assert that DeLuca's FAC fails to allege that they were personally involved with the claimed Fourth Amendment violations.  (MTD at 4.)  Issues pertaining to personal involvement arise generally when a plaintiff alleges supervisory liability.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a defendant may be held liable as a supervisor under section 1983 if he is personally involved in the constitutional deprivation).

        Defendants cite to *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996), to point out that there is no "team effort" theory of liability.  (MTD at 3.)  Similarly, *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), required an individualized inquiry into the causation element of section 1983 claims.

        "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act [or] participates in another's affirmative acts . . . caus[ing] the deprivation of which [the plaintiff complains]."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  DeLuca's FAC alleges conclusorily that Defendants Fairbanks, Valdivia, Holloway, Chang, Rodriguez, and Asatryan participated directly in acts depriving DeLuca of her Fourth Amendment rights.  It is unclear from the pleadings what each of them *did*.

        Even accepting as true DeLuca's assertions that these Sheriff's Deputies broke down her bedroom door (FAC ¶ 26), handcuffed her (*id.* ¶ 27), and detained her for up to thirty minutes (*id.* ¶ 62), the FAC does not distinguish among any of the six individual Defendants.  It is not plausible that each of them engaged in the same alleged conduct.  The facts as pled do not show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 6 of 21 |
|---|---|---|---|---|

how each Sheriff's Deputy's conduct was integral to the claimed unlawful seizure or use of excessive force.  At the very least, DeLuca could allege how many Sheriff's Deputies were involved in handcuffing her and who caused her injury.  Rather than casting such a wide net, if the identity of the person or persons who handcuffed her is unknown, that fact should be expressed in the complaint, and upon learning of the parties involved, DeLuca can seek to amend the complaint.  *See Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).

## 2.   <u>Violation of Fourth Amendment</u>

Defendants next assert that the FAC fails to allege a Fourth Amendment violation.  To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law.  *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).  The individual defendants concede that they were acting under color of state law at the time of the incident.  (County MTD at 5.)  Thus, the only individual capacity section 1983 issue in the instant motions is whether Defendants' actions amounted to a violation of DeLuca's Fourth Amendment rights.

The FAC asserts two related Fourth Amendment claims.  First, she alleges that Defendants unreasonably seized her in violation of her Fourth Amendment rights by detaining her without reasonable suspicion or probable cause for up to 30 minutes outside of her apartment.  (FAC ¶¶ 62, 73.)  Second, DeLuca contends that Defendants employed excessive force by using handcuffs to detain her.  (*Id.* ¶ 27.)

### a.   <u>Exigent Circumstances and the Emergency Doctrine Justify Warrantless Entry</u>

Defendants assert that either exigent circumstances or the emergency exception justified their warrantless entry into DeLuca's apartment.  Defendants do not appear to raise these exceptions to justify their seizure of DeLuca.

Absent a warrant, "a search and seizure by the government is per se unreasonable under the fourth amendment unless the circumstances fall within the parameters of a specifically established exception."  *United States v. Howard*, 828 F.2d 552, 554 (9th Cir. 1987) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971)).  While "the securing of a residence is a seizure subject to fourth amendment protection," *Howard*, 828 F.2d at 554 (citing *United States v. Perdomo*, 800 F.2d 916, 918 (9th Cir. 1986)), the FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 7 of 21 |
|---|---|---|---|---|

does not contain any claims based on Defendants' unlawful entry or search. As such, the Court presumes that Defendants raise these exceptions to the warrant requirement in order to justify their presence inside of DeLuca's home.

The exigent circumstances exception allows law enforcement officers to conduct warrantless entries and searches of residences if exigent circumstances and probable cause both exist. *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 954 (9th Cir. 2000) (citations omitted). First, "exigent circumstances are defined to include 'those circumstances that would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts.'" *Fisher v. City of San Jose*, 558 F.3d 1069, 1075 (9th Cir. 2009) (quoting *United States v. Lindsey*, 877 F.2d 777, 780 (9th Cir. 1989)). Second, "probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009) (citing *Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S. Ct. 338, 62 L. Ed. 2d 238 (1979)).

In the present case, the FAC alleges facts that indicate exigent circumstances. DeLuca and others called 911 to report McDonald's threatening behavior. (FAC ¶¶ 12, 15, 16.) Sheriff's Deputies responded to the call reporting that McDonald threatened multiple residents inside DeLuca's apartment with a knife. (*Id.* ¶¶ 17-19.) The wounded Mulligan came to the front door of the apartment where Sheriff's Deputies could observe his injuries. (*Id.* ¶¶ 19-20.) These circumstances would cause a reasonable officer to believe that entry was necessary to prevent physical harm to others and the escape of the suspect. In addition, after receiving the 911 calls and observing the knife wound to Mulligan's neck, a reasonable officer would have sufficient information to believe that a crime had been committed. The Court therefore assumes for the purpose of deciding these motions that exigent circumstances, combined with probable cause, justified Defendants' warrantless entry into Plaintiff's apartment.

Alternatively, the Ninth Circuit also recognizes an emergency exception. Unlike the exigent circumstances exception, the emergency exception "stems from the police officers' community caretaking function and allows them to respond to emergency situations that threaten life or limb." *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009) (internal quotations omitted). Under the emergency exception, a police officer may enter a home to investigate a medical emergency or other immediate risk to life or limb where there are "reasonable grounds" to believe an emergency is at hand and that immediate attention is required. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-00344 DMG (MANx)** | Date | July 20, 2015 |
|---|---|---|---|

| Title | ***Sarah DeLuca v. County of Los Angeles, et al.*** | Page | 8 of 21 |
|---|---|---|---|

Here, DeLuca asserts that her neighbors called the LASD to report McDonald's threats. (FAC ¶ 12.)  DeLuca also attempted to call 911 and asked friends and family to contact law enforcement on her behalf.  (*Id.* ¶¶ 15-16.)  Thus, insofar as Defendants entered DeLuca's apartment in response to these emergency calls indicating that a physical altercation had occurred, the emergency exception also justifies Defendants' warrantless entry into Plaintiff's apartment.

     **b.**    <u>**Unreasonable Seizure**</u>

Defendants next contend that DeLuca's FAC fails to allege facts sufficient to support her claim that Defendants seized her in violation of her Fourth Amendment rights.  The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  For Fourth Amendment purposes, a police officer "seizes" a person "when the officer, by means of physical force or show of authority, terminates or restrains [the person's] freedom of movement through means intentionally applied."  *Brendlin v. California*, 551 U.S. 249, 254, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007) (internal quotation marks and citations omitted).  The test for determining whether a police officer seized a person is whether, in light of all the circumstances surrounding the encounter, "the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business."  *Florida v. Bostick*, 501 U.S. 429, 437, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991) (internal quotation marks and citations omitted).

Although police seizures generally must be supported by probable cause, in limited circumstances a lower standard, reasonable suspicion, may justify a police seizure.  *United States v. Drake*, 543 F.3d 1080, 1087-88 (9th Cir. 2008).  "[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."  *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)).  The Ninth Circuit has recognized that *Terry* principles extend to confrontations between law enforcement agents and citizens in their own houses under certain circumstances.  *See, e.g., United States v. Flippin*, 924 F.2d 163, 166 (9th Cir. 1991) (*Terry* pat down for weapons is permissible when police have lawfully entered a dwelling and have a reasonable suspicion that a suspect is armed); *see generally Maryland v. Buie*, 494 U.S. 325, 333-34, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990).  To determine whether law enforcement agents had reasonable suspicion, "the court must consider whether 'in light of the totality of the circumstances, the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity.'"  *United States*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|
| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 9 of 21 |

*v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (quoting *United States v. Berber–Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007)); *see also Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). "[Knowledge] . . . and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Nonetheless, "conclusory statements" regarding knowledge "without reference to [the complaint's] factual context" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 686.

Here, Defendants detained DeLuca for approximately 30 minutes in handcuffs. (FAC ¶¶ 27, 62.) This detention constitutes a seizure for Fourth Amendment purposes. Assuming that Defendants lawfully entered DeLuca's apartment pursuant to one of the exceptions to the warrant requirement discussed above, *Terry* further requires that the Sheriff's Deputies possess reasonable suspicion that DeLuca was armed or dangerous. The FAC alleges sufficient facts showing that Defendants lacked reasonable suspicion. The emergency calls reporting McDonald mentioned only a male suspect acting alone. (FAC ¶ 12.) The Sheriff's Deputies confirmed McDonald's identity with a neighbor who provided a photograph of the subject. (*Id.*) DeLuca communicated the situation occurring inside her apartment to Sheriff's Deputies prior to their entry into the apartment. (*Id.* ¶¶ 17, 67.) After Sheriff's Deputies entered DeLuca's bedroom, Deluca was unarmed and made no threatening moves. (*Id.* ¶ 29.) DeLuca has alleged sufficient facts to state a claim that Defendants lacked reasonable suspicion to seize her, no matter the duration. As discussed above, however, the defect in the pleadings is that DeLuca fails to distinguish among the "Sheriffs" and to show who actually seized her.

Accordingly, Defendants' motion to dismiss with respect to the unreasonable seizure claim is **GRANTED** with leave to amend.

### c.   Excessive Force

"Fourth Amendment claims of excessive or deadly force are analyzed under an objective reasonableness standard." *Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 381, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)). When evaluating a Fourth Amendment claim of excessive force, a court must ask "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them" based on the totality of the circumstances. *Glenn v. Washington Cnty.*, 673 F.3d 864, 871 (9th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)); *Espinosa*, 598 F.3d at 537. The inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." *Glenn*, 673 F.3d at 871 (quoting *Graham*, 490

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 10 of 21 |
|---|---|---|---|---|

U.S. at 396,). The inquiry is "highly fact-intensive" and involves no per se rules. *Torres v. City of Madera*, 648 F.3d 1119, 1124 (9th Cir. 2011).

"[P]olice officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Glenn*, 673 F.3d at 871 (quoting *Graham*, 490 U.S. at 396-97) (internal quotation marks omitted). The Court adopts "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (quoting *Graham*, 490 U.S. at 396) (internal quotation marks omitted).

The analysis is done in three steps. First, the Court "must assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating 'the type and amount of force inflicted.'" *Espinosa*, 598 F.3d at 537 (internal quotation marks omitted). Second, the Court must evaluate the government's interest by assessing factors identified by the Supreme Court in *Graham*: "(1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape." *Id.*

Third, the court "balance[s] the gravity of the intrusion on the individual against the government's need for that intrusion." *Id.* (quoting *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir. 2003)). Ultimately, the court "must balance the force that was used by the officers against the need for such force to determine whether the force used was 'greater than is reasonable under the circumstances.'" *Id.* (quoting *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002)).

In this case, DeLuca fails to allege sufficient facts to state a claim that Defendants' use of handcuffs constituted excessive force under the circumstances. While the Ninth Circuit has long recognized that excessively tight handcuffing—even absent serious injury—may constitute a Fourth Amendment violation, DeLuca does not provide any facts regarding the nature of her handcuffing. *See, e.g.*, *Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) ("It is well established that overly tight handcuffing can constitute excessive force."); *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) ("A series of Ninth Circuit cases has held that tight handcuffing can constitute excessive force."); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (denying qualified immunity and holding that the "abusive application of handcuffs" causing pain and bruising was unconstitutional); *see also Luchtel v. Hagemann*, 623 F.3d 975, 989 (9th Cir. 2010) (Beezer, J., concurring in part and dissenting in part) (noting that "the right to be free from excessive force in handcuffing is clearly established in our precedent"). The parties have not cited, nor has the Court found, any case that holds that the mere fact of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-00344 DMG (MANx)** | Date | July 20, 2015 |
|---|---|---|---|

| Title | ***Sarah DeLuca v. County of Los Angeles, et al.*** | Page | 11 of 21 |
|---|---|---|---|

handcuffing alone, notwithstanding an unlawful seizure, is sufficient to state a claim for excessive force.

Defendants' motion to dismiss with respect to the excessive force claim is therefore **GRANTED** with leave to amend.

### 3.    Qualified Immunity

Defendants next contend that DeLuca's FAC should be dismissed as to individual defendants Fairbanks, Valdivia, Holloway, Chang, Rodriguez, and Asatryan because they are entitled to qualified immunity.

The doctrine of qualified immunity has been generally defined as follows:

> The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.   Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (citations and quotation marks omitted).

To survive a defendant's invocation of qualified immunity, a plaintiff must allege facts that show:  (1) the official's actions violated a constitutional right; and (2) the right was "clearly established" at the time of the officer's conduct.   *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982))

The Court determined above that DeLuca sufficiently pleaded facts alleging that the Defendants' actions violated her Fourth Amendment right to be free from unreasonable seizure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 12 of 21 |
|---|---|---|---|

With respect to the second prong, the qualified immunity defense requires an examination of whether the right the official has violated was so clearly established "that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). "The determination whether a right was clearly established 'must be undertaken in light of the specific context of the case, not as a broad proposition.'" *Nelson*, 685 F.3d at 883 (quoting *Saucier*, 533 U.S. at 201).

Here, the key issue is whether the allegations in DeLuca's FAC establish that a reasonable Sheriff's Deputy would understand that handcuffing DeLuca and detaining her for up to 30 minutes under the circumstances would be an unlawful seizure. DeLuca alleges that there was only one male suspect reported, she was in communication with law enforcement agents in an attempt to thwart McDonald, she had attempted to lock herself in her room away from the assailant, and she was unarmed and did not make any threatening movements when approached by Sherriff's Deputies. (FAC ¶ 12, 17, 29, 67.) Taking these facts as true, a reasonable Sheriff's Deputy would understand that it would be unlawful to handcuff and detain a nonthreatening person not suspected of a crime who attempted to aid law enforcement. Seizure of a person without reasonable suspicion that she has committed a crime constitutes a clear violation of well-established Fourth Amendment rights. *See, e.g.*, *Liberal v. Estrada*, 632 F.3d 1064, 1076 (9th Cir. 2011).

Accordingly, Defendants' motion to dismiss is **DENIED** as to Plaintiff's Fourth Amendment claim and as to the Sheriff's Deputies' entitlement to qualified immunity on the basis of unlawful seizure.

**D.      42 U.S.C. § 1983 Entity Claims**

Local governments may be sued under section 1983, but they may not be held vicariously liable for their employees' constitutional violations. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013), *cert. denied*, No. 13-691, 2014 WL 684092 (2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). "Instead, a municipality is subject to suit under § 1983 only 'if it is alleged to have caused a constitutional tort though a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Id.* (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)). "A plaintiff seeking to establish municipal liability must demonstrate, moreover, that the government 'had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation he suffered.'" *Id.* (quoting *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 13 of 21 |
|---|---|---|---|

A plaintiff may meet *Monell*'s policy or custom requirement in three ways:  (1) "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity,'" *Hopper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)); (2) "the plaintiff may establish that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official government policy," *Hopper*, 241 F.3d at 1083 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); *McKinley v. City of Elroy*, 705 F.2d 1110, 1116 (9th Cir. 1983)); or (3) "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it," *Hopper*, 241 F.3d at 1083 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988); *Cnty. of Madera*, 859 F.2d 797, 801-02 (9th Cir. 1988)).  In order to make out a *Monell* claim, "[t]he plaintiff must show both causation-in-fact and proximate causation."  *Gravelet-Blondin*, 728 F.3d at 1096.

As discussed *supra*, DeLuca alleges facts sufficient to state a claim that she suffered a violation of her Fourth Amendment rights because of unlawful seizure.  But DeLuca's allegations that the County and LASD failed to adequately train, supervise, and control the Sheriff's Deputies they employ in their use of force and protection of individual's constitutional rights are conclusory.  (FAC ¶ 79.)  DeLuca's allegations amount to mere "labels and conclusions," *Twombly*, 550 U.S. at 555, which are plainly insufficient to plead a claim for relief under *Iqbal* and *Twombly*.

Accordingly, Defendants' motion to dismiss is **GRANTED** with leave to amend as to Plaintiff's *Monell* claim.

## E.    <u>LASD Cannot Be Separately Sued</u>

Defendants next submit that LASD is not subject to suit separate from the County. (LASD MTD at 5.)  Under Fed. R. Civ. P. 17(b), LASD's capacity to be sued in federal court is determined by California law.  Cal. Gov't Code section 945 provides that "[a] public entity may sue and be sued" and section 811.2 defines "public entity" to "include[] the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 14 of 21 |
|---|---|---|---|

While California courts have not explicitly determined whether a sheriff's department is a public entity under Cal. Gov't Code section 811.2, the Ninth Circuit has held that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983," *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995), *as amended on denial of reh'g* (Dec. 5, 1995). Sheriff's Departments are thus not "persons" for purposes of 42 U.S.C. section 1983 liability.

Defendants also contend that DeLuca's claims against the County and LASD are redundant as they rely on identical theories of liability. (LASD MTD at 5-6.) DeLuca's battery, assault, false imprisonment, and unlawful arrest claims against the County duplicate those asserted against LASD as they rest on identical theories of vicarious liability for the same underlying conduct under Cal. Gov't Code sections 815.2 and 815.3. (FAC ¶¶ 35, 49, 60, 69.) Similarly, DeLuca alleges identical duty, breach, causation, and damages elements in her negligence claim against LASD and the County. (*Id.* ¶¶ 40-46.) The County and LASD are thus duplicative defendants and it is unnecessary for DeLuca to sue both.

Therefore, Defendants' motion to dismiss LASD is **GRANTED** without leave to amend.

### F.    State Law Claims

DeLuca alleges state law claims against the County and individual defendants Fairbanks, Valdivia, Holloway, Chang, Rodriguez, and Asatryan for battery, assault, false imprisonment, and unlawful arrest. (FAC ¶¶ 34-38, 48-51, 58-64, 66-71.) DeLuca also alleges state law claims for negligence and violation of the Bane Act against all Defendants. (*Id.* ¶¶ 40-46, 53-56.)

### 1.    Government Code Section 821.6 and 815.2(b)

Defendants move to dismiss all claims arising under California law on the basis that they are immune from liability under California Government Code sections 821.6 and 815.2(b). Section 815.2 states that "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov't Code § 815.2(b). Under section 821.6, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6.

"Government Code section 821.6 immunizes not only the act of filing or prosecuting a judicial or administrative complaint, but also extends to actions taken in preparation for such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 15 of 21 |
|---|---|---|---|---|

formal proceedings." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048, 55 Cal. Rptr. 3d 158, 171 (2007), *as modified on denial of reh'g* (Feb. 21, 2007). "Section 821.6, however, provides no immunity from liability for false arrest or false imprisonment." *Id.* (*citing Sullivan v. Cnty. of Los Angeles*, 12 Cal. 3d 710, 719-722, 117 Cal. Rptr. 241 (1974)). "The provision's principal function is to provide relief from malicious prosecution." *Blankenhorn v. City of Orange*, 485 F.3d 463, 487-88 (9th Cir. 2007).

Section 815.2 does not shield a government entity from liability for an officer's conduct during an arrest where an officer was acting within the scope of his duties. *Id.* at 488 ("This provision [815.2] clearly allows for vicarious liability of a public entity when one of its police officers uses excessive force in making an arrest.").

Defendants cite to *Paterson v. City of Los Angeles*, which holds that "section 821.6 extends to actions taken in preparation for formal proceedings, including investigation, which is an essential step toward the institution of formal proceedings." 174 Cal. App. 4th 1393, 1405, 95 Cal. Rptr. 3d 333, 342 (2009) (internal quotation marks and citations omitted) (finding sergeant and city immune from any liability arising from sergeant's investigation of police officers' alleged sick time abuse). This case simply reiterates that investigations and other actions taken in preparation for formal judicial proceedings are covered by section 821.6. An arrest does not constitute an "investigation" in this sense, and, as other courts have confirmed, section 821.6 does not apply to liability for false arrest or false imprisonment. The California Government Code does not shield Defendants from liability for unlawful arrests.

### 2.    Assault and Battery

Defendants next contend that DeLuca's first and third causes of action for battery and assault should be dismissed for failure to plead that Sheriff's Deputies used unreasonable force. *See Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (claims for assault and battery that concern the conduct of peace officers acting in their official capacities require the plaintiff to establish that the officers used "unreasonable force"). In California, "[c]laims that police officers used excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution." *Id.* (internal quotation marks omitted).

As discussed *supra*, the FAC fails to allege facts sufficient to show that Defendants' handcuffing of DeLuca constituted excessive force. Therefore, DeLuca also fails to allege facts showing that the officers used unreasonable force for the purpose of stating claims for assault and battery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|
| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 16 of 21 |

Accordingly, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's first and third causes of action for battery and assault.

### 3.   Negligence

Defendants assert that the FAC (1) alleges only intentional conduct on the part of individual Defendants Fairbanks, Valdivia, Holloway, Chang, Rodriguez, and Asatryan and (2) does not plausibly allege that Defendants' negligence caused her injury. DeLuca alleges that individual defendants acted negligently in their decision to open fire in the apartment. (*Id.* ¶¶ 2, 20, 29.) Defendants' characterization of these acts as "intentional" in the sense that they were voluntary does not negate Plaintiff's claim that they engaged in negligent conduct.

Defendants next contend that the County cannot be held directly liable for negligence. (MTD at 18-19.) Under California law, public entities are not directly liable for injuries arising from an act or omission except as provided by statute. Cal. Gov't Code § 815(a). The FAC does not clarify whether it alleges that the County is liable for state law tort violations based on a theory of vicarious liability, direct liability, or both. (FAC ¶¶ 40-43.) To the extent that DeLuca alleges that the County is directly liable for acts or omissions, she has not identified a statute providing for such liability, and consequently Defendants' motion must be **GRANTED** in that regard.

California law holds municipalities vicariously liable for the torts of their employees committed within the course and scope of their employment. *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (*en banc*); *see* Cal. Gov't Code § 815.2(a). "[T]he general rule is that an employee of a public entity is liable for his torts to the same extent as a private person and the public entity is vicariously liable for any injury which its employee causes to the same extent as a private employer." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal 4th 861, 868, 138 Cal. Rptr. 3d 1 (2012) (internal quotations and citations omitted). To the extent that DeLuca plausibly alleges that the individual Sheriff's Deputies engaged in negligent conduct within the course and scope of their employment, the County has not demonstrated that DeLuca's pleading is inadequate to give rise to vicarious liability. Defendants' motion is therefore **DENIED**.

### 4.   California Civil Code Section 52.1 ("Bane Act")

The Bane Act allows a plaintiff to file a lawsuit against those who interfere or attempt to interfere by "threats, intimidation or coercion" with the plaintiff's exercise or enjoyment of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 17 of 21 |
|---|---|---|---|

state or federal constitutional or legal right.  Cal. Civ. Code § 52.1 (a)-(b).  "Threats, intimidation or coercion" are not defined in the statute.

Some courts have found that allegations of false arrest may support a claim under section 52.1, although generally only on a showing of bad faith.  *See Cuviello v. City & Cnty. of San Francisco*, 940 F. Supp. 2d 1071, 1102 (N.D. Cal. 2013) ("an arrest without probable cause may constitute a Bane Act violation in and of itself . . . where the arrest constitute[s] *intentional* interference of the plaintiff's rights through the use of force") (emphasis in original); *Cole v. Doe*, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by 'threat[s], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search."); *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1050, 55 Cal. Rptr. 3d 158 (2007) (violation of section 52.1 may be based on arrest without probable cause where public employee was not acting in good faith).

Other courts have expressly held that allegations of false arrest do not, without something more, state a claim for relief under section 52.1.  *Walker v. City of Hayward*, No. C07-6205 TEH, 2008 WL 2357249, at *7 (N.D. Cal. June 6, 2008) ("[A] false arrest claim, without more, is not enough . . . to state a claim under Section 52.1."); *Allen v. City of Sacramento*, No. C071710, 2015 WL 505359, at *17 (2015) ("[A] wrongful arrest or detention, without more, does not satisfy both elements of section 52.1.").

The California Supreme Court has not squarely addressed whether an unlawful detention or arrest, without more, is sufficient to satisfy section 52.1.  In *Venegas v. Cnty. of Los Angeles*, the Court stated that plaintiffs had stated a section 52.1 cause of action based on unreasonable search and seizure, but the only issue before the court at that time was whether section 52.1 required a showing that the defendants acted with discriminatory animus.  32 Cal. 4th 820, 843, 11 Cal. Rptr.3d 692 (2004) ("All we decide here is that, in pursuing relief for those constitutional violations under section 52.1, plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion.").

In 2012, the California Court of Appeal specifically held that "where coercion is inherent in the constitutional violation alleged, i.e., an overdetention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met.  The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself."  *Shoyoye v. Cnty. Of Los Angeles*, 203 Cal. App. 4th 947, 959, 137 Cal. Rptr. 3d 839 (2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | | Date | July 20, 2015 |
|---|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | | Page | 18 of 21 |
|---|---|---|---|---|

In *Gant v. Cnty. of Los Angeles*, a district court held that "a wrongful arrest and detention, without more, cannot constitute 'force, intimidation, or coercion' for purposes of section 52.1." 765 F. Supp. 2d 1238, 1253-54 (C.D. Cal. 2011), *aff'd in part, rev'd in part*, 772 F.3d 608 (9th Cir. 2014), *aff'd*, No. 12-56080, 2014 WL 6613049 (9th Cir. Nov. 24, 2014). The Ninth Circuit affirmed in part and reversed in part, noting that "[t]here is limited Bane Act precedent defining what constitutes 'coercion' independent from that which is inherent in a wrongful arrest." *Gant*, 772 F.3d at 623-24. The Ninth Circuit reversed the district court's grant of summary judgment to a defendant officer on a Bane Act claim where there was a genuine issue of fact regarding whether the officers coerced the suspect into giving falsely incriminating information through questioning him, without any additional threats or physical coercion. *Id.* at 624. The suspect did not match the physical description of the subject warrant, and the officers gave the suspect false information regarding the information in the warrant, which the court concluded could allow a trier of fact to find that "the officers' quick, insistent questioning was intended to coerce [the suspect] into stating that he [matched the description on the warrant.]" *Id.*

In a separate decision, the Ninth Circuit affirmed the dismissal of a different Bane Act claim where the individual was only briefly in defendants' custody, citing *Shoyoye* for the proposition that "the statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Gant*, 2014 WL 6613049, at *1. Because plaintiff did not allege any independent coercive acts by defendants, the requirements of section 52.1 were not met.

DeLuca has not alleged that any of the six individual Defendants committed any coercive act or made any threats in the process of arresting her. The FAC states that the Sheriff's Deputies questioned her, but there were no allegations of accompanying threats, intimidation, or coercion. (FAC ¶ 28.) The absence of any of allegations of independent coercive or threatening acts by Defendants in detaining DeLuca precludes her Bane Act claim.

Accordingly, Defendants' motion to dismiss is **GRANTED** with leave to amend as to Plaintiff's fourth cause of action for violations of Cal. Civ. Code section 52.1.

### 5.   <u>False Imprisonment and Unlawful Arrest</u>

Defendants next move to dismiss DeLuca's false imprisonment and unlawful arrest claims based on individual Sheriff's Deputies immunity pursuant to California Penal Code section 847(b)(1) and municipal immunity pursuant to California Government Code section 815.2(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 19 of 21 |
|---|---|---|---|

In California, false imprisonment is defined as the "unlawful violation of the personal liberty of another." Cal. Penal Code § 236. The Penal Code definition applies in both civil and criminal actions. *Lyons v. Fire Ins. Exchange*, 161 Cal. App. 4th 880, 74 Cal. Rptr. 3d 649 (2008). "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 962, 137 Cal. Rptr. 3d 839 (2012) (internal citations and quotations omitted). Penal Code section 847(b)(1), however, protects police officers from civil liability for false arrest or imprisonment arising out of an arrest if the arrest is lawful or the officer had reasonable cause to believe it was lawful.

As discussed above, the FAC alleges facts sufficient to state a claim that Sheriff's Deputies unreasonably seized DeLuca without reasonable suspicion and without reasonable cause to believe that such seizure was lawful. Thus, Penal Code section 847(b)(1) is inapplicable based on the facts alleged. As the individual Sheriff's Deputies are not immune from liability, there can be no municipal immunity.

Defendants' motion to dismiss is **DENIED** as to Plaintiff's fifth and sixth causes of action for false imprisonment and unlawful arrest.

### F.     Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Rule 12(e) motions are "disfavored and rarely granted." *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011) (internal citation and quotation marks omitted). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id.* Such a motion "is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *True v. Am. Honda Motor Co.*, 520 F. Supp. 2d 1175, 1179 (C.D. Cal. 2007) (internal citations and quotation marks omitted).

Defendants ask that the Court order Plaintiff to provide a more definite statement as to the identities of the parties referred to by the term "sheriffs." The lack of clear identification of the parties involved in each act, however, does not render the FAC intelligible. Moreover, as the Court has granted Defendants' motion to dismiss with leave to amend as to Defendants' personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-00344 DMG (MANx)** | Date | July 20, 2015 |
|---|---|---|---|

| Title | ***Sarah DeLuca v. County of Los Angeles, et al.*** | Page | 20 of 21 |
|---|---|---|---|

involvement, Defendants' goal in seeking a more definite statement has been accomplished. Thus, Defendants' motion for a more definite statement is **DENIED**.

**V.**
**CONCLUSION**

In light of the foregoing, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part as follows:

1.  To the extent Plaintiff's section 1983 claims are based on a violation of Plaintiff's Fourteenth Amendment substantive and procedural due process rights, Defendants' motion is **GRANTED** without leave to amend;

2.  Defendants' motion to dismiss as to Plaintiff's section 1983 claim for unreasonable seizure and excessive force is **GRANTED** with leave to amend;

3.  Defendants' motion to dismiss as to Plaintiff's section 1983 entity claims is **GRANTED** with leave to amend;

4.  Defendants' motion to dismiss LASD is **GRANTED** without leave to amend;

5.  To the extent Plaintiff alleges that the County is directly liable for tort claims, Defendants' motion is **GRANTED** without leave to amend;

6.  Defendants' motion as to Plaintiff's Bane Act claim is **GRANTED** with leave to amend;

7.  Defendants' motion as to Plaintiff's battery and assault claims are **GRANTED** with leave to amend;

8.  Defendants' motion to dismiss is otherwise **DENIED**;

9.  Defendants' motion for a more definite statement is **DENIED**; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-00344 DMG (MANx) | Date | July 20, 2015 |
|---|---|---|---|

| Title | *Sarah DeLuca v. County of Los Angeles, et al.* | Page | 21 of 21 |
|---|---|---|---|

10.     DeLuca shall file an amended complaint, or notify Defendants that she does not intend to amend, within 15 days after the date of this Order.  Defendants shall file their response within 15 days after the deadline for service of any amended complaint.

**IT IS SO ORDERED.**